UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



JOSEPH ZDANOWICZ and
HEIDI RUBERTONE,

      Plaintiffs,

    v.                               22-CV-989 (JLS) (MJR)

M&T BANK CORPORATION,

      Defendant.

### DECISION AND ORDER

Plaintiffs Joseph Zdanowicz and Heidi Rubertone (collectively, "Plaintiffs") commenced this action on December 20, 2022. Dkt. 1. They assert claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking severance benefits from Defendant M&T Bank Corporation under the "People's Bank Charge in Control Severance Plan." *See id.*

Defendant moved to dismiss the Complaint. Dkt. 8, 9. Plaintiffs opposed the motion, Dkt. 16, and Defendant replied. Dkt. 17. This Court referred the case to United States Magistrate Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

On March 15, 2024, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendant's motion to dismiss. Dkt. 21. Plaintiffs objected to the R&R, arguing that Judge Roemer improperly converted the motion to dismiss to a motion for summary judgment without notice to the parties.

*See* Dkt. 22 at 4. According to Plaintiffs, Judge Roemer "relied on the absence of evidence in the administrative record, even though the entire administrative record never was submitted to the Court," which led him to erroneously conclude "that Plaintiffs had not demonstrated a change in the method of computation of incentive compensation necessary to trigger the 'Good Cause' provisions of the severance plan . . . ." *Id.* Plaintiffs further argue that Judge Roemer "erred in ruling that Plaintiffs['] claims of anticipatory breach or repudiation by M&T were 'unavailing.'" *Id.* Defendant opposed the objections, Dkt. 24, and Plaintiffs replied. Dkt. 25.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation. For the reasons above and in the R&R, the Court GRANTS

Defendant's [8] motion, and the Complaint is DISMISSED. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   August 27, 2024
        Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE